```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**HERBERT E. MORTON, JR.,**

                  **Petitioner,**

      v.                                    **CASE NO. 06-3031-SAC**

**RAY ROBERTS, et al.,**

                  **Respondents.**

### O R D E R

On February 15, 2006, this court entered a Memorandum and Order requiring petitioner to show cause why this action should not be dismissed as untimely and for failure to state a claim. Petitioner's Motion for Extension of Time to respond was granted, but he then failed to respond. The action was dismissed by Order dated May 25, 2006. Upon motion for reconsideration the case was re-opened on July 18, 2006, and petitioner was given additional time to respond to the court's prior show cause order. The matter is before the court upon petitioner's Response to Show Cause (Doc. 12). Having considered the Response, the court finds the action must be dismissed as untimely and for failure to state a claim.

Petitioner was informed in the court's show cause order of February 15, 2006, that it appeared his federal Petition had not been filed within the one-year statute of limitations set forth in 28 U.S.C. 2244(d)(1). The court set out the date Mr. Morton's state conviction became "final" and the time periods during which no state post-conviction action was pending, and thus tolling the statute of

limitations, as follows:

> Morton's aggravated kidnaping conviction became "final" 90 days after the Kansas Supreme Court denied review of it on direct appeal (July 11, 2002), or on about October 10, 2002.  It follows that the statute of limitations for petitioner to file a federal habeas petition challenging this conviction began running at that time.  It appears to have run unabated until petitioner filed his state post-conviction motion on March 12, 2003.  Thus, when Morton's state motion was filed, at least 5 months of the year-long limitations period had expired.
> 
> * * *
> 
> Morton filed his "Motion to Correct Illegal Sentence" on March 12, 2003.  It was denied with respect to his aggravated kidnaping conviction by the trial court and the KCOA, and was no longer "pending" after the Kansas Supreme Court denied review on May 3, 2005.

This court then stated that "the federal statute of limitations again commenced running" at that time, ran unabated for the following 7 months, and expired in December, 2005, over a month before Morton executed his federal Petition.

The court herein corrects the above statement of facts to include that the statute of limitations was also tolled from May 3, 2005, until May 24, 2005, the last day on which a motion for rehearing of the denial of his Petition for Review could have been filed in the Kansas Supreme Court.  The Tenth Circuit Court of Appeals has held that the statute of limitations is also tolled for the 20-day period in Kan.S.Ct. R. 7.06, pursuant to which petitioner could have filed a rehearing petition from the Kansas Supreme Court's order denying review.  See Serrano v. Williams, 383 F.3d 1181, 1185 (10th Cir. 2004); Mills v. McKune, 2006 WL 1755962, at *2 (10th Cir. June 28, 2006)(unpublished)(applying Serrano to denial of review by the Kansas Supreme Court).

In summary then, the limitations period in Mr. Morton's case first began running on October 10, 2003, and continued to run until March 12, 2003, or for approximately 152 days before it was tolled by the filing of Mr. Morton's state post-conviction action. The tolling effect continued throughout the pendency of the state action, including the 20-day period for filing a motion for rehearing, which ended on May 24, 2005. The statute of limitations, with 213 days remaining, commenced running again on May 25, 2005, and ran uninterrupted until it expired on or about December 23, 2005. Mr. Morton's federal Petition was executed on January 24, 2006, and filed January 26, 2006, a month late. The court finds that, absent equitable tolling, the Petition was not filed within the one-year statute of limitations.

Petitioner was provided the opportunity to demonstrate whether equitable tolling of the statute of limitations was warranted in his case. In his Response, he refers to an exhibited letter from the Appellate Defender Office in Kansas dated May 20, 2005, and "prays this is enough to show cause." The letter notified petitioner of the denial by the Kansas Supreme Court of his Petition for Review of the denial of his state post-conviction motion. It explained that the Appellate Defender Office was closing his case and would no longer be representing him. However, it also notified him of some options for proceeding such as filing a motion under K.S.A. 60-1507 in state district court, or filing a federal petition under 28 U.S.C. 2254. The letter explained that the Appellate Defender

Office could not represent him in either of these matters, but he might receive help from Legal Services for Prisoners and could obtain forms for filing either type of action from the courts. It also explained that there is a one-year limitation period for filing a 2254 petition, which is stayed during the time any state post-conviction action is pending. Petitioner was further advised that if he had not exhausted state remedies on any claims he wished to raise, he must seek relief on those claims in state court before he could file a Section 2254 petition. He was clearly advised that it would be in his "best interest to file (a state petition) as soon as possible, thereby tolling the federal filing time limit." The exhibited letter contains no information which would entitle petitioner to equitable tolling in this case. The Response filed by petitioner does not contain any reason for equitable tolling, and does not allege additional facts or theories to state a claim.

The court concludes the Petition was not timely filed, and no reason is alleged which would justify equitable tolling. The court further finds petitioner has not shown cause as to why his Petition should not be dismissed for failure to state a claim. For the reasons stated in the Court's Memorandum and Order dated February 15, 2006, the court concludes the Petition fails to state a claim.

**IT IS THEREFORE ORDERED** that this action is dismissed as untimely and for failure to state a claim, and all relief is denied.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2006, at Topeka, Kansas.

<pre>
                              s/Sam A. Crow
                              U. S. Senior District Judge
</pre>